UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED YOUNG, an individual, *et al.*, | Civil No. 06cv1667-L(AJB) |
| Plaintiffs, | **ORDER** |
| v. | **(1) GRANTING IN PART AND DENYING IN PART RENEWED JOINT MOTION TO FILE DOCUMENTS UNDER SEAL;** |
| ACTIONS SEMICONDUCTOR CO., LTD., a Republic of Mauritius Company, *et al.*, | |
| Defendants. | **(2) DENYING JOINT MOTION FOR LEAVE OF COURT TO FILE EVIDENCE PRODUCED AFTER BRIEFING WAS COMPLETE REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS*; AND** |
| | **(3) DENYING WITHOUT PREJUDICE DEFENDANT ACTIONS SEMICONDUCTOR CO., LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS*** |

On May 4, 2007, Plaintiffs and Defendant Actions Semiconductor Co., Ltd. ("Actions") filed a Renewed Joint Motion for an Order to File Documents Under Seal ("Renewed Joint Motion"). Actions seeks to seal in whole or in part thirty-seven exhibits totaling approximately 300 pages, which were, with the exception of one declaration, submitted in connection with opposition and reply briefing on Actions's Motion to Dismiss for Lack of Personal Jurisdiction

and *Forum Non Conveniens* ("Motion to Dismiss").  Upon review of the Renewed Joint Motion and related documents, the court finds it does not meet the pertinent legal standard and is grossly overinclusive by any standard,[1] with the exception of portions of Exhibit AK, declaration of Hsuan-Wen Chen in support of the Renewed Joint Motion.  Accordingly, the Renewed Joint Motion is **GRANTED IN PART AND DENIED IN PART**.

The parties have expressed a desire to reconsider the record in case certain exhibits are not sealed.  Furthermore, after the close of briefing, they filed a Joint Motion for Leave of Court to File Evidence Produced After Briefing Was Complete Regarding Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* ("Joint Motion to Supplement Record").  In light of the gross inadequacy of the Renewed Joint Motion and the incomplete state of the record, the Motion to Dismiss is **DENIED WITHOUT PREJUDICE** to refiling it with appropriate supporting documentation and the Joint Motion to Supplement Record is **DENIED** as moot.

The documents requested to be sealed consist primarily of minutes and resolutions of directors' and shareholders' meetings for Actions, its predecessor and some of its subsidiaries, and include other corporate records, agreements, discovery responses and declarations.  These voluminous exhibits and a declaration were filed in redacted form variously in support and in opposition to the Motion to Dismiss.  Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978).  The party seeking to seal a judicial record pertaining to dispositive motions and trials bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) .  "[T]he strong presumption of access

---

[1] This is particularly troubling because the parties had previously filed a motion to seal the same records.  The motion was denied in large part on the grounds that it lacked specificity required under the good cause standard of Federal Rule of Civil Procedure 26(c) and because it was overinclusive.  (*See* Order (1) Denying Joint Motion to File Documents Under Seal; and (2) Continuing Hearing on Defendant's Motion to Dismiss, filed May 1, 2007.)  In their Renewed Joint Motion, the parties apparently did not take into consideration all the grounds for the denial of their initial motion.

to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id*. However, sealing of documents attached to non-dispositive motions is treated differently. There is "an exception to the presumption of access to judicial records for a sealed discovery document attached to a non-dispositive motion, such that the usual presumption of the public's right of access is rebutted." *Id*. (internal quotation marks, brackets, emphases and citations omitted). The party seeking to seal a discovery document or a document attached to a non-dispositive motion must meet the lower standard pursuant to Federal Rule of Civil Procedure 26(c). *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (discussing *Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002)); *see also Kamakana*, 447 F.3d at 1180.

The threshold issue in this case is whether the pending Motion to Dismiss is dispositive for purposes of sealing exhibits. The parties have provided no briefing on this point. Aside from noting that summary judgment motions are dispositive, *Kamakana*, 447 F.3d at 1179, and discovery sanctions motions are non-dispositive, *Phillips*, 307 F.3d at 1209, 1213, the distinction has not been articulated by the Ninth Circuit, *see In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854 *3 (N.D. Cal. Feb. 20, 2007) (noting "absence of explicit guidance on this issue"). In deciding this issue, the court is therefore guided by the rationale justifying the distinction. "There are . . . good reasons to distinguish between dispositive and non-dispositive motions." *Kamakana*, 447 F.3d at 1179. "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id*. (citing *Phillips*, 307 F.3d at 1213). A higher standard applies to dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Id*. On the other hand, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. An order on a motion to dismiss for lack of personal jurisdiction and for *forum non conveniens*, such as the motion pending in this case, does not resolve the merits of the underlying causes of action, and is

only tangentially related to the merits. If such a motion is granted, it is without prejudice to re-filing the action so as to cure the jurisdictional defect. *See, e.g., Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983). Accordingly, the pending Motion to Dismiss is non-dispositive for purposes of sealing exhibits.

To warrant sealing documents attached to a non-dispositive motion, the party seeking protection must show good cause under Rule 26(c). In this case the documents are subject to the Order Granting Joint Motion for Entry of Protective Order, filed February 1, 2007 ("Protective Order"). This is a blanket protective order to which the parties stipulated prior to Actions's production of what it considered confidential documents. The Protective Order is prospective in nature, as it expressly states that "[t]he parties seek the entry of a protective order on the ground that discovery in this action **likely will** involve production of confidential, proprietary, or private information." (Protective Order at 1 (emphasis added).) Such protective orders are necessarily overinclusive. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Accordingly, the magistrate judge did not have the occasion to engage in the Rule 26(c) good cause analysis prior to signing the order. This is not uncommon. "[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document." *Foltz*, 331 F.3d at 1133. Because Actions did not make the requisite showing when the Protective Order was signed, it must do so at this juncture to warrant sealing the exhibits.

Under Rule 26(c), the court, for good cause shown, "may make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be reveled only in a designated way . . . ." Fed. R. Civ. P. 26(c). "Any such order . . . requires that the court's determination identify and discuss the factors it considered in its good cause examination . . .." *Foltz*, 331 F.3d at 1130 (internal quotation marks and citation omitted). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Id*. "[B]road allegations of harm,

unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 476.

Actions seeks to protect information about the sources of capital, including the identity of its angel and venture capital investors, identities of its officers and directors and officers and directors of its subsidiaries, business development and strategies, and the source of technology for future product development. (Hsuan-Wen Chen Decl. at 3.) Upon review of the documents, it is apparent that other types of information, such as financial performance, shareholder transactions, asset acquisitions, formation of subsidiaries, and similar types of information are also sought to be sealed.

As to the identities of angel and venture investors, i.e., sources of capital, and of officers and directors, the declaration states, in full, "Non-financial incentives to attract talents includes [*sic*] a tacit promise to keep such talent's identity confidential, which talent may have personal or family reasons to wish to keep confidential. If a business is unable to protect the privacy of such talents, the business will lose its ability to attract other talents in the future." (*Id*. at 2.) No more specifics are provided in the discussion of individual exhibits. (*Id.* at 3-18.) No elaboration or example is provided regarding the "tacit promise" or any efforts outside this litigation to keep the identities of various individuals confidential. This does not amount to showing with respect to each document that "specific prejudice or harm will result if no protective order is granted" or substantiating the request with "specific examples or articulated reasoning." *See Foltz*, 331 F.3d at 1130; *Beckman*, 966 F.2d at 476. Moreover, the Actions's stock is publicly traded in the United States, and Actions has made regular filings with the Securities and Exchange Commission ("SEC") since October 2005. The names of many individuals it seeks to conceal, particularly its officers and directors, have been made public in these filings, and therefore do not warrant protection.

Similarly, information pertaining to many transactions and financial results which Actions now seeks to conceal is disclosed to various degrees in Actions's SEC filings. For example, with respect to Exhibit C, Actions requests to seal information pertaining to its initial public offering, when the offering is the subject of several of its SEC filings. Another example is

Exhibit H, where Actions requests to seal a resolution regarding acquisition of certain land. It provides no reason why confidentiality is necessary, and the same transaction, including location of the land, seller and price, is disclosed in the SEC filings. Without disclosing and addressing the information which is already publicly available, the Renewed Joint Motion is fatally deficient.

With respect to the sources of technology, the declaration provides a generalized explanation, "If a competitor has access to a business' source of technology, the competitor can determine how to develop better a 'product roadmap' [*sic*] or form a superior strategic alliances [*sic*], all of which will be detrimental to the operation of such business." (Decl. at 3; *see also id. passim* at 3-18.) While the declaration provides some more specifics with respect to certain exhibits, the explanations are invariably general in nature, do not show that any measures outside of this litigation had been taken to secure confidentiality, and lack substantiation with specific examples or articulated reasoning. More specificity is required. *See Foltz*, 331 F.3d at 1130; *Beckman*, 966 F.2d at 476.

Furthermore, in many instances, the information Actions requests to seal pertains to transactions or sources of technology from 2005. Actions does not explain why any such information, some of which possibly could have warranted confidentiality when it was current, should remain confidential two years later. In the dynamic world of technology, this type of information often quickly becomes outdated and irrelevant.

In many other instances, Actions requests to seal generic provisions from various minutes and resolutions of directors' meetings, which do not contain substantive information, but merely reference other documents or exhibits which are not included. For example, with respect to Exhibit G, Actions moves to seal a resolution to amend its insider trading policy which does not include the policy itself, a reference to unaudited financial statements which does not include any financial information but authorizes the Chief Financial Officer to release such information to the public, a resolution regarding new organization structure in Zhuhai which merely references an exhibit which is not included, and authorization to negotiate a new insurance policy which does not discuss any policy terms. Such generic provisions do not warrant sealing.

1    Moreover, with respect to many redactions, Actions provides no reason whatsoever.  For
2 example, Actions seeks to seal provisions regarding the form of share certificate and subdivision
3 of shares in Exhibit D, however, no explanation is given why confidentiality is needed.  (*See*
4 Decl. at 4-5.)  Similarly, as to Exhibit G Actions requests to seal resolutions pertaining to new
5 organization structure in Zhuhai and authorization to negotiate a new insurance policy, without
6 providing any explanation for confidentiality.  (*Id*. at 6.)  As to Exhibit H Actions moves to seal
7 a resolution to engage an independent auditor and a consultant for internal control of financial
8 reporting.  Again, no explanation was provided why the resolutions should be sealed.  (*Id*. at 7-
9 8.)

10    With respect to Exhibit AH, the parties provided a Chinese language version.  The court
11 did not consider the confidentiality of this exhibit in the absence of an English translation.

12    Actions requested to file under seal the entirety of the declaration of Hsuan-Wen Chen in
13 support of the Renewed Joint Motion, filed as Exhibit AK.  It argued that the declaration
14 articulates how the various documents which Actions considers confidential could be used to
15 harm Actions.  The court disagrees.  The declaration is largely too general and vague.
16 Nevertheless, it contains a few specific sentences as to which the court grants the request to seal.
17 The court will submit for filing a redacted version of the declaration, concealing the portions
18 which meet the good cause standard.

19    Accordingly, the Renewed Joint Motion is **GRANTED** with respect to portions of
20 Exhibit AK.  As to the remainder, the motion is **DENIED** because it fails to meet the good cause
21 standard of Rule 26(c).

22    The parties have expressed a desire to supplement the record in case certain exhibits are
23 not sealed.  They also filed a Joint Motion to Supplement Record.  The record on the Motion to
24 Dismiss therefore remains incomplete.  In light of the gross inadequacies and overinclusiveness
25 of the Renewed Joint Motion and the incomplete state of the record, the Motion to Dismiss is
26 **DENIED WITHOUT PREJUDICE** to refiling with appropriate supporting documentation.  In
27 this regard, viewing the Renewed Joint Motion in the context of the Motion to Dismiss, it is
28 questionable whether much of the information Actions requests to be sealed is relevant.  To the

extent it is not relevant to the Motion to Dismiss, moving the court to review voluminous exhibits for purposes of sealing is an inefficient use of judicial resources because the court need not consider such materials. Therefore, prior to filing any further motions to seal, the parties shall carefully consider not only whether a document or a portion thereof warrants sealing, but whether what Actions deems to be confidential is relevant to the Motion to Dismiss. The information which is not relevant and which Actions considers confidential can be redacted, and the exhibit filed in redacted form without the need to move for filing under seal. As to any remaining documents or portions of documents the parties move to seal, Actions shall state under oath to what extent the same or related information was disclosed in its SEC filings, including the date and page number of the SEC document. If no related information was disclosed in SEC filings, Actions shall also so state.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The parties' Renewed Joint Motion for an Order to File Documents Under Seal is **GRANTED** with respect to portions of Exhibit AK, declaration of Hsuan Wen-Chen, and is **DENIED WITHOUT PREJUDICE** in all other respects.

2. The Clerk of Court shall not seal any exhibits the parties requested to be filed under seal, except for Exhibit AK, declaration of Hsuan Wen-Chen. The court will file a redacted version of Exhibit AK in the record available to the public. All other documents the parties moved to seal shall not be filed, but shall be returned to the parties. No later than **July 31, 2007**, the parties shall collect these documents from chambers.

3. The parties' Joint Motion for Leave of Court to File Evidence Produced After Briefing Was Complete Regarding Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* is **DENIED** as moot.

4. Defendant Actions's Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* is **DENIED WITHOUT PREJUDICE** to refiling it with appropriate documentation **no later than August 15, 2007**. Opposition briefing shall be filed no later than **August 29, 2007** and reply briefing shall be filed no later than **September 6, 2007**. Any related

/ / / / /

motions to seal shall be filed no later than **September 6, 2007**. Upon the filing of the foregoing, the parties shall await further order of the court.

     5.  If the parties again move to seal any exhibits or declarations, they shall narrow their request in light of the issues discussed in this order. In addition, they shall carefully consider whether the information Actions deems to be confidential is relevant to the motion to dismiss. The information which is not relevant and which Actions considers confidential can be redacted, and the exhibit filed in redacted form without the need to move for filing under seal. As to any documents or portions of documents the parties move to seal, Actions shall disclose as provided more fully above the extent to which any related information was included in its SEC filings.

     6.  Should either party again file a motion to seal which is inadequate or overbroad for any of the reasons stated herein or in the Order (1) Denying Joint Motion to File Documents Under Seal; and (2) Continuing Hearing on Defendant's Motion to Dismiss, filed May 1, 2007, the court may impose sanctions.

     **IT IS SO ORDERED**.

DATED: July 27, 2007

                                              M. James Lorenz
                                              United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL