UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRED YOUNG, an individual, *et al.*, | ) | Civil No. 06cv1667-L(AJB) |
| Plaintiffs, | ) ) | **ORDER CONTINUING ORDER TO SHOW CAUSE HEARING RE: WHY THIS ACTION SHOULD NOT BE DISMISSED AS TO DEFENDANT ACTIONS SEMICONDUCTOR CO., LTD., A REPUBLIC OF MAURITIUS COMPANY** |
| v. | ) ) | |
| ACTIONS SEMICONDUCTOR CO., LTD., a Republic of Mauritius Company, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

On February 12, 2007, the court issued an order to show cause why this action should not be dismissed as to Defendants Nan-Horng Yeh ("Yeh") and Actions Semiconductor Co., Ltd., a Republic of Mauritius company (Actions Mauritius"). For the reasons which follow, the order to show cause hearing is **CONTINUED** from August 20, 2007 to **February 25, 2008** at 10:30 a.m.

This breach of contract and fraud action was filed on August 18, 2006 against three foreign Defendants: Actions Mauritius, Actions Semiconductor Co., Ltd., a Cayman Islands company ("Actions Caymans") and Yeh. By voluntary dismissal filed August 14, 2007, Plaintiffs dismissed all claims against Yeh. To date, Plaintiffs have not effected service on Actions Mauritius.

On September 29, 2006, Plaintiffs filed an ex parte application for a letter rogatory to effect service on Actions Mauritius. The court issued the letter rogatory on October 11, 2006. On January 26, 2007, the court issued an order to show cause re: dismissal for failure to serve.

Because Federal Rule of Civil Procedure 4(m), which requires service of summons and complaint within 120 days after filing the complaint, does not apply to service abroad, and because Plaintiffs made a showing regarding their efforts to serve Actions Mauritius abroad the order to show hearing, set for February 20, 2007, was continued to August 20, 2007.  Based on all information provided by Plaintiffs in their application for the letter rogatory and in preparation for the February 20 hearing, ten months appeared a sufficient time for service.  The court warned Plaintiffs it was not inclined to extend the time again.

On July 10, 2007, nine months after the letter rogatory was issued, Plaintiffs applied to the court to re-issue the letter rogatory because the service address had apparently changed. Service on Actions Mauritius was attempted to March 27, 2007 but was unsuccessful because the agent for service of process was no longer at the same address.  Although the court re-issued the letter rogatory on July 30, 2007, it instructed Plaintiffs to provide an explanation why they did not sooner become aware of the problems with service.  In the declaration of William Caldarelli, filed August 1, 2007, Plaintiffs explained the convoluted process and time line of effecting service in Mauritius from authentication of the letter rogatory by the United States Department of State, its transmittals through the diplomatic channels, to the appointment of counsel in Mauritius to apply to the local supreme court for leave to serve process.  When service was finally attempted on March 27, 2007, it was unsuccessful, as reflected in the return of service filed in Mauritius on April 24, 2007.  The report of the unsuccessful service was not directly communicated to Plaintiffs, but traveled back to them through the same diplomatic channels.  Plaintiffs' counsel received the news on June 20, 2007.  Plaintiffs inquired about the new address for service and contacted directly the attorney assigned to the case by the supreme court of Mauritius with a request to apply for service at the new address.  They were informed that this was not possible, and they had to start the process all over again with a new letter rogatory.

Accordingly, Plaintiffs therefore request additional time for service on Actions Mauritius through the same channel.  It appears Plaintiffs learned a lesson in their first attempt to serve. While they worded the initial letter rogatory as, "The Court respectfully requests that you cause

one copy of the attached documents . . . to be served . . . at the above described address,." the new letter rogatory identifies two addresses and makes a broader request: "The Court respectfully requests that you cause one copy of the attached documents . . . to be served . . . at the above described addresses, *or any other address shown in the official company register at the time of the attempted service* . . .." (Emphasis added.) In addition, Plaintiffs are attempting to effect service though alternative methods.

Federal Rules of Civil Procedure do not set a time limit for service of process abroad. *Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991). Nevertheless, the time to serve is not boundless. The court retains authority to dismiss a case for failure to prosecute pursuant to Rule 41(b). William W. Schwartzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial ¶ 5:259.1 (Rutter Group 2007). Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.

The court has inherent power to dismiss *sua sponte* "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-632 (1962); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Dismissal for failure to prosecute is within the court's discretion.

Although it appears that the failure of service may have been prevented if Plaintiffs included the broader wording in their initial letter rogatory or attempted simultaneously to serve by other methods, it does not appear that they failed to prosecute the case or follow any court orders. *See* Fed. R. Civ. P. 41(b). Accordingly, Plaintiffs' request for more time to effect service is granted. For the foregoing reasons, the order to show cause hearing is **CONTINUED** from August 20, 2007 to February 25, 2008 at 10:30 a.m.

**IT IS SO ORDERED.**

DATED: August 17, 2007

M. James Lorenz
United States District Court Judge

1
2
3  COPY TO:
4  HON. ANTHONY J. BATTAGLIA
   UNITED STATES MAGISTRATE JUDGE
5  ALL PARTIES/COUNSEL
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28